<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **TAKICIAN BYRD**,<br><br>Plaintiff,<br><br>v.<br><br>**INVENTIV HEALTH, *et al.*,**<br><br>Defendants. | Civil Action No. 23-4227 (ZNQ) (TJB)<br><br>**OPINION** |

<u>**QURAISHI, District Judge**</u>

      **THIS MATTER** comes before the Court upon Defendant AbbVie Inc.'s ("AbbVie") Motion to Dismiss (ECF No. 9) and Defendants Syneos Health US, Inc. ("Syneos"),[1] inVentiv Health ("inVentiv"),[2] PharmaNet Resource Solutions ("PharmaNet"),[3] and Tammy Bainbridge's ("Bainbridge") (together, the "Syneos Defendants") Motion to Dismiss (ECF No. 16).   On September 8, 2023, in support of its Motion to Dismiss, AbbVie filed a Moving Brief.  ("AbbVie's Moving Br., ECF No. 9.)  Plaintiff Takician Byrd ("Plaintiff" or "Byrd") opposed ("Opp'n", ECF No. 11) and AbbVie replied.  ("Reply", ECF No. 14).  In support of their Motion to Dismiss, the Syneos Defendants filed a Moving Brief.  ("Syneos Defendants' Moving Br.", ECF No. 16-1.)  Plaintiff did not oppose.  Having reviewed the parties' submissions filed in connection with the

---

[1] Plaintiff improperly pleads Defendant Syneos's name as "Syneos Health."  (*See* Compl. at 5.)
[2] According to the Syneos Defendants, inVentiv "merged with another entity in 2018 to create Syneos, and is no longer an operating entity."  (Syneos Defendants' Moving Br. at 1 n.2; Declaration of Robert M. Pettigrew, "Pettigrew Decl.", ECF No. 16-2 ¶ 2.)
[3] Plaintiff improperly pleads Defendant PharmaNet's name as "Resource Solutions."  (*See* Compl. at 5.)  According to the Syneos Defendants, "PharmaNet Resource Solutions was subsequently acquired and merged into the Syneos offerings and is no longer operating."  (Syneos Defendants' Moving Br. at 1 n.2; Pettigrew Decl. ¶ 3.)

Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1, for the reasons set forth below and for good cause appearing, the Court will **GRANT** AbbVie's Motion and **GRANT** the Syneos Defendants' Motion. Plaintiff's claims will be dismissed with prejudice.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On July 5, 2022, *pro se* Plaintiff filed her Complaint ("Compl.", ECF No. 1, Ex. A at 5–31)[4] in New Jersey Superior Court, Mercer County.[5] On January 21, 2023, the New Jersey Superior Court dismissed the Complaint for lack of prosecution because Plaintiff had failed to properly serve Defendants. (*See* ECF No. 1 at 121–23.) On May 30, 2023, Plaintiff filed a Motion to Reinstate the Complaint (*see id.* at 126), which the New Jersey Superior Court granted on June 23, 2023. (*See id.* at 129.) On August 8, 2023, Defendant AbbVie removed Plaintiff's Complaint to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. (*See generally* ECF No. 1.)

According to AbbVie, Plaintiff served the Complaint on AbbVie on July 11, 2023, a year after filing her Complaint. (*See* AbbVie's Moving Br. at 2.)[6] The Complaint alleges employment discrimination claims against AbbVie and the Syneos Defendants related to her use of leave under the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.* and her alleged disability status under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.* (*See* Compl. at 6.) Plaintiff also appears to assert that post-employment recruiting communications

---

[4] Plaintiff's complaint and attachments are contained in the first 27 pages attached as Exhibit A to AbbVie's Notice of Removal. Plaintiff attached numerous documents to her Complaint including a Civil Case Information Statement and a series of email chains purporting to show Plaintiff's correspondence with AbbVie, her separate correspondence with individuals from Defendant Syneos, and emails forwarding these email chains to what appears to be the U.S. Department of Labor and the Equal Employment Opportunity Commission (EEOC). (*See* Compl. at 5-31.)

[5] On August 22, 2022, Plaintiff filed a Motion for Summary Judgment with the New Jersey Superior Court, prior to serving any Defendants. (*See* ECF No. 1 at 34–120.) On September 23, 2022, the New Jersey Superior Court denied Plaintiff's Motion for Summary Judgment. (*See id.* at 121–23.)

[6] The Syneos Defendants contend that Plaintiff has still not properly effected service upon them, and that upon hearing that AbbVie had filed its Motion to Dismiss, the Syneos Defendants "voluntarily appeared in this action by filing the instant motion." (Syneos Defendants' Moving Br. at 1–3; Pettigrew Decl. ¶ 10.)

between her and the Syneos Defendants between 2017 and 2022, which did not result in employment, violated her rights.  (*See id.* at 5–31.)

Defendant Syneos is "a fully integrated biopharmaceutical solutions organization that provides various contractual services to pharmaceutical companies."  (Syneos Defendants' Moving Br. at 1–2; Pettigrew Decl. ¶ 2.)  Defendant AbbVie is one such pharmaceutical company. (*Id.*)  In papers filed in state court, Plaintiff asserts that she was employed by the Syneos Defendants from March 2012 through August 2014.  (*See* Plaintiff's Certification in Support of Motion for Summary Judgment, "Super. Ct. SJ Cert.", ECF No. 1 at 41; Plaintiff's Brief in Support of Motion for Summary Judgment, "Super. Ct. SJ Br.", ECF No. 1 at 46 ¶ 1; Pettigrew Decl. ¶ 11.)[7] Plaintiff argues that on May 27, 2014 she requested a "continuous leave of absence" due to a "Serious Health Condition" under the FMLA, and her leave was granted for the period from May 20, 2014 until June 16, 2014.  (*See* Super. Ct. SJ Br. at 118.)   On July 31, 2023, Plaintiff communicated with a senior human resources associate at InVentiv (*see id.* at 60), who Plaintiff alleges was an "agent of Syneos [H]ealth."  (*Id.* at 46.)  The associate informed Plaintiff that Defendant Bainbridge (then a Manager at PharmaNet) would contact Plaintiff "once a decision ha[d] been reached" by Plaintiff's management team about a return to work and "if your restrictions/limitations can be accommodated."  (*Id.* at 60.)  On August 1, 2014, Plaintiff discussed with Bainbridge a return from family leave.  (*Id.* at 46 ¶ 1.)  Ms. Bainbridge allegedly informed

---

[7] The allegations in Plaintiff's Complaint itself are sparse—limited to a few paragraphs—and somewhat unclear.  "As part of the effort to construe a pro se litigant's pleadings liberally, however, [the Third Circuit has] held that it may be proper to consider certain material outside a pro se litigant's complaint and exhibits when ruling on a motion to dismiss."  *Rister v. Yadkin Bank*, 714 F. App'x 170, 172–73 (3d Cir. 2017); *see also Mack v. Warden Loretto FCI*, 839 F.3d 286, 291 n.2 (3d Cir. 2016) ("[W]e will also consider his allegations made in response to the defendants' motion to dismiss, which incorporate and are consistent with the allegations in his complaint.").   Therefore, in considering the instant Motion to Dismiss, the Court also considers the documents pertaining to Plaintiff's Motion for Summary Judgment in the New Jersey Superior Court, Mercer County (*see* Super. Ct. SJ Cert. at 34–45; Super. Ct. SJ Br. at 46–121) and Plaintiff's Motion to Reinstate the Complaint (*see* ECF No. 1 at 124–32), which are included with the Complaint and are consistent with the allegations in the Complaint.

Plaintiff that she was to return to work on August 4, 2014, for a period of two weeks, but that Plaintiff's service contract would be terminated on August 28, 2014 (*see id.* at 61) because "there was no more work." (*Id.* at 46). From September through October 2017, Plaintiff allegedly applied directly for permanent employment positions with Defendant AbbVie, and flew to interview for several roles with the company in mid-October of 2017. (*See* Compl. at 25–26; Super. Ct. SJ Cert. at 44; Super. Ct. SJ Br. at 46 ¶ 3.) On November 15, 2017, an AbbVie recruiter advised Plaintiff that she was still being considered for an "SMA III" employment role and that the hiring process would likely take several more weeks. (*See* Compl. at 24–25.) On February 8, 2018, the same recruiter contacted Plaintiff to ask if she would be interested in "contracting" for AbbVie in the SMA III role rather than the permanent role for which she had originally interviewed. (Super. Ct. SJ Cert. at 41; Super. Ct. SJ Br. at 66.) Plaintiff responded that she was interested, and the recruiter informed Plaintiff that AbbVie's Business Operations team had passed her resume along to Syneos, and that Syneos would reach out if she was eligible to work for them as a contractor. (*See* Super. Ct. SJ Br. at 46 ¶¶ 6–7; *id.* at 66.) On February 14, 2018, Plaintiff followed up with Syneos about the status of her application. (*See* Compl. at 16.) Two days later, a Syneos recruiter allegedly advised Plaintiff that Syneos would not pursue her candidacy because she was "not eligible for rehire" with Syneos and therefore "not eligible to join AbbVie." (Compl. at 13; *see also* Super. Ct. SJ Br. at 47 ¶ 8.)

In the years prior to and following her unsuccessful interview with AbbVie until 2022, recruiters for Defendants contacted Plaintiff via email and LinkedIn a number of times about open employment positions (*see, e.g.*, Compl. at 10–12, 22, 31; Super. Ct. SJ Br. at 54, 66, 96–98, 108, 110; ECF No. 1 at 132), but none of these communications resulted in employment. (*See* Compl. at 20; Super. Ct. SJ Cert. at 44; Super. Ct. SJ Br. at 47 ¶ 9).

The Complaint itself is primarily contained in a single paragraph.  Plaintiff alleges that Defendants:

> Hindered my obtaining employment, repeatedly pursued my personal information for the purposes of harassment and identifying my potential employers/contacts, violated my rights to employment under ADA, hindered and purposely changed my negotiated title having me sign a previously signed contract with my title changed to the former, constantly contacted me with no intent to hire, flew me in to interview for a permanent role [with AbbVie] but changed it to a contract role, fired after a disability use of FMLA, ongoing requests for my info/[Personal Identifiable Information or] PII.

(Compl. at 5; *see also id.* at 6, 9.)

The remainder of the Complaint consists of allegations relating to Plaintiff's post-employment communications with Defendants between 2017 and 2022.  These allegations include alleged: (i) "hinder[ing] [Plaintiff's] from obtaining employment" and advancing in her career; (ii) pursuing her PII for purposes of harassment; (iii) "obtaining [her] contacts and [her] references"; and (iv) "constant[ly]" contacting her via email with no intention of hiring her.  (*Id.* at 6; *see also* Super. Ct. SJ Br. at 64–65, 74, 81.)  Plaintiff claims that as a result of Defendants' actions, she suffered "stress" to herself and her family; inability to pay her mortgage, which led to "loss of home and stability" as she was forced to relocate to a new area; and "loss of potential earnings/significant increase of income," including as a result of time she spent searching for new employment.  (Compl. at 6.)

Plaintiff alleges claims under the FMLA and ADA relating to her use of medical leave in 2014.  (*See* Compl. at 5–6, 46 ¶ 1; *id.* at 61.)  Although less than clear, it also appears that Plaintiff is asserting state law claims arising out of Defendants' recruiting email correspondence with her between 2017 and 2022, including notifying her of various open roles with the Defendants when she was not "eligible for rehire[.]"  (Compl. at 13; *see also* Super. Ct. SJ Br. at 81, 92–99.)  Plaintiff

requests $100,000,000 in damages along with attorneys' fees and costs.  (*See* Compl. at 6; Super.

Ct. SJ Cert. at 40.)

## II.      <u>JURISDICTION</u>

This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over Plaintiff's claims

under the FMLA and ADA, and supplemental jurisdiction under 28 U.S.C. § 1367 over

Plaintiff's state law claims.

## III.     <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a claim "for

failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  On a motion

to dismiss for failure to state a claim, the moving party "bears the burden of showing that no claim

has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr

Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  District courts undertake a

three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6).  *See Malleus v. George,* 641 F.3d 560,563 (3d Cir. 2011).  "First, the court

must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  *Id.* (alteration in original)

(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009)).  Second, the court must accept as true all of

the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable

to the plaintiff."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation

omitted).  In doing so, the court is free to ignore legal conclusions or factually unsupported

accusations that merely state, "the-defendant-unlawfully-harmed-me."  *Iqbal,* 556 U.S. at 678

(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Finally, the court must determine

whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible

claim for relief.'"  *Fowler,* 578 F.3d at 211 (quoting *Iqbal,* 556 U.S. at 679).  A facially plausible

claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While Rule 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In assessing a pro se plaintiff's complaint, the Court construes a plaintiff's allegations liberally. *See Beasley v. Howard*, Civ. No. 19-11058, 2022 WL 3500404, at *2 (D.N.J. Aug. 18, 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson*, 551 U.S. at 94 (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Even under this liberal standard, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar*, 372 F. App'x at 328.

IV.    **DISCUSSION**

A.    **PLAINTIFF'S FEDERAL FMLA AND ADA CLAIMS ARE TIME BARRED**

Plaintiff's FMLA and ADA claims are both time-barred, and Plaintiff has not exhausted her administrative remedies in the time period required under the ADA.  For the reasons stated below, Plaintiff's Complaint will be dismissed with prejudice.

1.    Plaintiff's FMLA Claim Is Time-Barred

In general, "FMLA actions must be brought 'not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought.'"  *Fitzgerald v. Shore Mem'l Hosp.*, 92 F. Supp. 3d 214, 234 (D.N.J. 2015) (citing 29 U.S.C. § 2617(c)(1)); *accord Rodriguez v. Stanley*, Civ. No. 19-9104, 2020 WL 7338221, at *14–15 (D.N.J. Dec. 14, 2020) (dismissing the pro se plaintiff's FMLA claims because "[t]he Court agree[d] with Defendants that Plaintiff's claims are time-barred under the default statute of limitations").  However, the statute of limitations is extended to three (3) years where a plaintiff asserts that the employer committed a "willful violation."  29 U.S.C. § 2617(c)(2); *see also Rodriguez*, 2020 WL 7338221, at *7.[8]

Here, the Complaint does not provide sufficient information for the Court to determine whether a two-year or three-year statutory limitations period is applicable.  However, this is not significant because she filed her Complaint well beyond either statutory limitations period.  The Complaint and accompanying exhibits indicate that her FMLA claim arose out of events occurring in 2017 and 2018, beginning when Plaintiff interviewed for roles with AbbVie in mid-October of 2017 (*see* Compl. at 25–26; Super. Ct. SJ Br. at 46 ¶ 3; Opp'n at 3), and ending when Plaintiff was informed on February 16, 2018, that she was "not eligible to join AbbVie."  (Compl. at 13).

---

[8] To demonstrate willfulness, "an employee must show that the employer's interference or retaliation was knowingly in violation of the FMLA's statutory protection or the employer acted with reckless disregard for the same."  *Denson v. Atl. Cnty. Dep't of Pub. Safety*, Civ. No. 13-5315, 2016 WL 5415060, at *6 (D.N.J. Sept. 27, 2016).

Plaintiff's deadline to file an FMLA claim would have been, at the latest, February of 2021.  As set forth above, Plaintiff did not file her Complaint until July 5, 2022, well over a year after that deadline.

As for the Syneos Defendants, the record indicates that Plaintiff's employment contract with the Syneos Defendants ended eight (8) years ago, on August 28, 2014.  (*See* Super. Ct. SJ Br. at 61; *see also* Syneos Defendants' Moving Br. at 5–6.)  Plaintiff does not plead facts to suggest she was ever re-hired by any Defendant.  (*See, e.g.*, Compl. at 13, 24–26; Super. Ct. SJ Cert. at 44; Super. Ct. SJ Br. at 46–47.)  Therefore, Plaintiff should have filed her claim against the Syneos Defendants by, at the latest, August 28, 2017.  Instead, she filed her Complaint on July 5, 2022, nearly five (5) years later.  (*See* Compl. at 5–6.)  Accordingly, the Court finds that any FMLA claim is time barred and will be dismissed.

2.  Plaintiff's ADA Claim Is Also Untimely

Plaintiff's ADA discrimination claim is also now time-barred.  To bring an ADA claim, Plaintiff must have first exhausted her administrative remedies by filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) "alleging that [her] employer . . . engaged in an unlawful employment practice," prior to filing a complaint in federal court.  *See Itiowe v. NBC Universal Inc.*, 556 Fed. Appx. 126, 128 (3d Cir. 2014).  This discrimination charge must be filed with the EEOC within 180 days of the alleged improper employment practice, or 300 days if Plaintiff initially instituted the proceedings with a state or local agency.[9]  *See* 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); *see also Mercer v. SEPTA*, 608 F. App'x 60, 63 (3d Cir. 2015) ("Under the ADA, a plaintiff must file a claim with the EEOC within 300 days of the action

---

[9] "The EEOC then investigates the charge and determines whether there is reasonable cause to believe it is true. . . . If the EEOC determines that reasonable cause does not exist, it will issue a right-to-sue letter, which the plaintiff may then rely upon in establishing that administrative remedies have been exhausted." *Itiowe*, 556 Fed. Appx. at 128.

complained of in order not to be time-barred on that claim. . . . This requirement is provided for in Title VII of the Civil Rights Act of 1964.").

"[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982); *accord Rodriguez v. Stanley*, Civ. No. 19-9104, 2020 WL 7338221, at *14–15 (D.N.J. Dec. 14, 2020) (holding that plaintiff's ADA and Title VII discrimination claims were time barred and dismissing these claims where the plaintiffs "fail[ed] to meet the timeliness requirements of filing a charge within 180 days or 300 days").[10]

There is no factual basis in the record from which to infer that Plaintiff ever filed a formal charge of discrimination with the EEOC or that she was ever issued a right-to-sue letter from the EEOC prior to filing her Complaint.  Moreover, "a plaintiff must affirmatively plead fulfillment of the administrative exhaustion requirement as well as receipt of the right to sue notice within his complaint" to pursue an ADA claim.  *Karipidis v. Ace Gaming LLC*, Civ. No. 09-3321, 2010 WL 2521209, at *5 (D.N.J. June 9, 2010).  Although the exhibits to the Complaint suggest that Plaintiff forwarded some email correspondence with Defendants to info@eeoc.gov on July 3, 2022, there is no indication that Plaintiff actually filed a formal discrimination charge with the EEOC. (Compl. at 13, 27.)  Plaintiff includes an automated response email from the EEOC dated March 22, 2018, which clarified that the purpose of the response was simply to "confirm[] receipt of [Plaintiff's] inquiry and is not intended to address [Plaintiff's] specific questions."  (Compl. at 27.)

---

[10] Notably, the formal EEOC discrimination charge requirement for the ADA is more stringent than many discrimination claims and requires that such charge "be in writing and signed and . . . verified." *Ricciardi v. Consolidated Rail Corp.*, Civ No. 98-3420, 2000 WL 1456736, at *2 (E.D. Pa. Sep. 29, 2000).  The Third Circuit has confirmed that "non-exhaustion constitutes a ground for dismissal for failure to state a claim on which relief may be granted under Fed. R. Civ. Pro. 12(b)(6)." *Itiowe*., 556 F. App'x at 128.

This email further instructed Plaintiff about the 180- or 300-day deadlines if she "wish[ed] to file a charge of employment discrimination," and what to do "to begin the process." (*Id.*). Notably, the email informed Plaintiff that she could "not file a charge via email[.]" (*Id.*) This email, alone, does not indicate—and, in fact, seems to undermine—that Plaintiff ever filed a formal discrimination charges with the EEOC. Furthermore, none of Plaintiff's attachments include a "right-to-sue" letter or any allegations that she obtained such a letter. (*See id.* at 13, 27.)

In sum, Plaintiff's employment with Syneos terminated in August of 2014 (*see* Super. Ct. SJ Br. at 46 ¶ 1; *id.* at 61) and the allegations against AbbVie arise out of events allegedly occurring between October 2017 and March 2018. (Compl. at 25–26; Super. Ct. SJ Br. at 46 ¶¶ 3–9; Opp'n at 3).[11] Plaintiff's deadline to file an ADA claim against Syneos would have been, at the latest, June of 2015. However, as discussed, she did not file her Complaint until July 5, 2022, over seven (7) years later. Likewise, Plaintiff's deadline to file an ADA claim against AbbVie would have been, at the latest, January of 2019. Instead, she waited over three (3) years after that deadline to file her Complaint. The timeliness and exhaustion requirements were not met here. As such, Plaintiff's ADA claim will also be dismissed.[12]

### 3. Dismissal With Prejudice

Given the circumstances, the Court next considers whether the present dismissal should be with prejudice. In this regard, the Court recognizes its obligation to construe a pro se plaintiff's claims liberally. *See Beasley*, 2022 WL 3500404, at *2; *Erickson*, 551 U.S. at 94. Because

---

[11] Plaintiff asserts two arguments in her Opposition as to the federal claims: "(i) that Plaintiff should be allowed to litigate her ADA claims, despite her failure to exhaust administrative remedies, because AbbVie purportedly waited too long to assert an exhaustion of remedies affirmative defense; [and] (ii) that Plaintiff's FMLA claims supposedly can proceed merely because Plaintiff participated in an interview with AbbVie[.]" (Reply at 1 (citing Opp'n at 1–2).) However, the Court does not reach these arguments because Plaintiff's federal claims must be dismissed as they are time barred.

[12] Because all of Plaintiff's federal claims are time barred, the Court does not consider whether they otherwise plead plausible claims for relief.

Plaintiff's federal claims are time barred, they will be dismissed with prejudice. Moreover, the Court finds that further amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–13 (3d Cir. 2002) (holding that futility of amendment is a proper reason to deny leave to amend). Therefore, the Court will dismiss Plaintiff's federal FMLA and ADA claims with prejudice without leave to amend.

### B. PLAINTIFF'S STATE LAW TORT CLAIMS ARISING OUT OF RECRUITING COMMUNICATIONS PRIOR TO 2020 ARE ALSO TIME BARRED

To the extent Plaintiff is pleading tort claims against Defendants under state law (*see* Compl. ¶¶ 5–6) concerning post-employment recruiting communications she received from Defendants prior to 2020 (*see, e.g.*, Compl. at 22; Super. Ct. SJ Br. at 92), the Court exercises its discretion to assert supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367. However, these state law claims fail because they are time barred under New Jersey law as they fall outside the statute of limitations for intentional tort claims.

"The statute of limitations for . . . state-law personal injury claims . . . [in New Jersey] is . . . two [2] years." *Bullock v. Cabasa*, Civ. No. 10–1412, 2013 WL 6253432, at *3 (D.N.J. Dec. 4, 2013); *see also* N.J. Stat. 2A:14-2(a) ("Except as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued.") The majority of the correspondence with Defendants attached to the Complaint occurred between October 2017 and March 2018. (*See, e.g.*, Compl. at 25–26; Super. Ct. SJ Br. at 46 ¶¶ 3–9; Opp'n at 3.) Plaintiff's claim also refers to the Syneos Defendants' recruiting email to Plaintiff in March 2019. (*See* Compl. At 94.) As such, Plaintiff's state law allegations relating to Defendants' post-employment communications between October 2017 and March 2018 and the Syneos Defendants' March 2019 email, are time barred under New Jersey law.

## C.   PLAINTIFF'S STATE LAW BREACH OF CONTRACT CLAIMS AGAINST THE SYNEOS DEFENDANTS ARISING OUT OF RECRUITING COMMUNICATIONS PRIOR TO 2020 ARE ALSO TIME BARRED

Furthermore, Plaintiff appears to allege in her Complaint (*see* Compl. at 5–6) and reiterate in her Opposition, that the Syneos Defendants breached a "contract" with Plaintiff.  (Opp'n at 2). However, that claim cannot succeed because the statute of limitations for claims for breach of contract in New Jersey is six (6) years.  *See* N.J. Stat. § 2A:14-1. "New Jersey courts 'have generally stated that a claim accrues, for statute of limitations purposes, on "the date on which the right to institute and maintain a suit" first arose.'"  *Nat'l Util. Serv. v. Cambridge–Lee Indus.*, 199 Fed. Appx. 139, 142 (3d Cir. 2006) (quoting *County of Morris v. Fauver*, 153 N.J. 80, 707 A.2d 958, 971 (N.J. 1998)).  To the extent that Plaintiff alleges that the Syneos Defendants breached their employment contract with her, Plaintiff's employment contract with Syneos ended in August of 2014.  (*See* Super. Ct. SJ Br. at 46 ¶ 1; *id.* at 61.)  Again, she filed her Complaint in July 2022. Therefore any breach-of-contract claim as to the Syneos Defendants is outside the six-year statute of limitations and is time barred under New Jersey law.  It will therefore be dismissed with prejudice.

## D.   NO SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW TORT CLAIMS ARISING OUT OF RECRUITING COMMUNICATIONS IN 2020 AND 2022 AND STATE LAW BREACH-OF-CONTRACT CLAIMS AGAINST ABBVIE ARISING OUT OF RECRUITING COMMUNICATIONS IN 2018

To the extent that the Complaint seeks to plead vague state law tort claims arising out of email communications Defendants sent to her during the two-year period preceding the Complaint—including the April 2020 (*see* Super. Ct. SJ Br. at 96), August 2020 (*see id.* at 97), and October 2020 recruiting emails (*see* Compl. at 31; Super. Ct. SJ Br. at 98), and the March, April, May/June, and July 2022 recruiting emails and LinkedIn messages (*see* Compl. at 10–12;

Super. Ct. SJ Br at 108, 110; ECF No. 1 at 132)—the Court declines to exercise supplemental jurisdiction over these remaining state law claims because the federal claims are being dismissed with prejudice and because the Court finds no extraordinary circumstances warranting its retention of jurisdiction.[13] *City of Pittsburgh Comm'n on Human Rels. v. Key Bank USA*, 163 F. App'x 163, 166 (3d Cir. 2006) ("[I]f it appears that all federal claims are subject to dismissal, the court should not exercise jurisdiction over remaining claims unless 'extraordinary circumstances' exist.").

For the same reasons, to the extent the Complaint alleges that AbbVie breached a contract and relies on email communications from 2018 (*see* Compl. at 13; Super. Ct. SJ Br. at 66, 68–69, 74–75), the Court declines to exercise supplemental jurisdiction over Plaintiff's breach-of-contract claim against AbbVie. Under the circumstances, the proper recourse for these remaining state law claims is remand rather than dismissal. The Court will therefore order that this matter be remanded back to New Jersey Superior Court.

## V.   **CONCLUSION**

For the reasons stated above, the Court will **GRANT** AbbVie's Motion and **GRANT** the Syneos Defendants' Motion. Plaintiff's federal FMLA and ADA claims, her state law tort claims, and her state law contract claim that are time-barred will be dismissed with prejudice, and the remaining state law claims will be remanded. An appropriate Order will follow.

Date: **April 29, 2024**

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[13] In addition to Plaintiff's breach of contract claim, Plaintiff alleges in her Opposition that AbbVie is liable under a promissory estoppel theory. (*See* Opp'n at 2.) The Complaint, however, does not allege this theory. To the extent Plaintiff wishes to plead a promissory estoppel claim in state court upon remand, this Court does not opine on its merits.